NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3250

PAMELA J. LONEY,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Pamela J. Loney, of Woodlawn, Maryland, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Arbitrator's Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3250

PAMELA J. LONEY,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Petition for Review of an Arbitrator's Decision in BW-2006-R-0034, by Laurence M. Evans.

———————————————

DECIDED: January 11, 2008

———————————————

Before MICHEL, <u>Chief Judge</u>, DYK, <u>Circuit Judge</u>, and KENNELLY, <u>District Judge</u>.[*]

PER CURIAM.

Appellant Pamela Loney seeks review of an arbitrator's decision denying her grievance and sustaining her removal from her position with the Social Security Administration ("SSA"). We <u>affirm</u>.

## BACKGROUND

Pamela Loney is a long-term SSA employee having more than twenty-five years of federal service. At the time of her removal, Ms. Loney was a GS-9 fiscal management analyst who had, prior to the events that led to her dismissal, consistently been rated "fully successful" and been awarded numerous agency awards.

———————————————

[*] Honorable Matthew F. Kennelly, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

In January 2005, Ms. Kathi Moore, another SSA employee with whom Ms. Loney had a previously strained relationship, became Ms. Loney's first-line supervisor. Thereafter, several attempts by Ms. Moore to ascertain the status of Ms. Loney's work projects failed. On multiple occasions, Ms. Loney, claiming to invoke her Weingarten[1] rights, refused to respond to any questions at meetings as to the status of Ms. Loney's work projects.

On January 6, 2006, in response to her repeated refusals to respond to management's questions concerning the status of her work assignments, Ms. Loney was issued a notice of a proposed thirty-day suspension. Subsequent attempts to ascertain the status of Ms. Loney's work projects similarly failed. Between January 11 and February 2, Ms. Loney was alleged to have engaged in several instances of inappropriate and unprofessional conduct with respect to multiple email and verbal interactions with Ms. Moore. The culmination occurred on February 2, 2006, when Ms. Loney was alleged to have thrown a grievance form at Ms. Moore, calling her a "Racist Pig." On February 15, 2006, Debbra Tennessee, Ms. Loney's second-line supervisor, rescinded the proposed suspension and issued a proposal to remove. Ronald Sayers, Deputy Associate Commissioner of the Office of Financial Policy and Operations, sustained the charges specified in the proposed removal and, after consideration of the Douglas[2] factors, found that the removal was necessary to promote the efficiency of the service.

---

[1] See NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975) (holding that an employee has a right to union representation during investigatory interviews).

[2] See Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981).

The American Federation of Government Employees ("Union") filed a timely grievance on Ms. Loney's behalf. The SSA denied the grievance. The grievance was then heard by the arbitrator who conducted a two-day hearing in which both parties examined and cross-examined witnesses under oath, presented evidence, and argued their positions. There, the Union argued that the decision to remove was excessive, and that a lesser penalty would have been more appropriate. The arbitrator rejected that position, concluding that the SSA had just cause to remove Ms. Loney and that her removal promoted the efficiency of the service. Ms. Loney appeals that decision.

DISCUSSION

This court reviews an arbitrator's decision under the same standard used to review appeals from the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (2000); Zingg v. Dep't of the Treasury, IRS, 388 F.3d 839, 842 (Fed. Cir. 2004). We review a decision of the Board to determine whether it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, appellant primarily disputes the arbitrator's findings of fact. She contends that the arbitrator wrongly found credible the testimony of her supervisors, Ms. Moore and Ms. Tennessee, while discrediting her testimony as not credible. Moreover, she argues that the arbitrator did not fairly consider all the surrounding circumstances of her dismissal. Credibility findings are virtually unreviewable, and we conclude that the arbitrator's findings of fact are supported by substantial evidence.

Appellant also claims that her dismissal was in retaliation for her union activities. The arbitrator found that this argument was raised too late, and regardless, he saw "no merit in [the claim]." Arb. Op. at 19 n.22. Appellant has not shown that she presented any evidence to substantiate such a claim.

Finally, appellant contends that she could properly refuse to discuss the status of her work projects because she was denied her Weingarten rights in connection with those meetings. The arbitrator, however, found that Weingarten did not apply to the meetings called by management. Those meetings, the arbitrator found, concerned the business of the agency and the work of the employee and were not investigatory. Therefore, they did not trigger or implicate appellant's Weingarten rights. We cannot say that this finding was in error.

We have considered appellant's other contentions and find those to be without merit.

No costs.